```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


                                    CRIMINAL NO. 04-10358-GAO
_____
                              )
UNITED STATES OF AMERICA      )
                              )
v.                            )
                              )
DAVID BEAULIEU                )
_____)
```

DEFENDANT'S SENTENCING MEMORANDUM

I.   INTRODUCTION

The Defendant, David Beaulieu, respectfully submits this memorandum for the Court's consideration, and to request the Court to impose a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of United States v. Booker, 125 S.Ct. 738 (2005).

Booker restored the power of the district courts to fashion a sentence tailored to the individual circumstances of the case and the defendant. It requires courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines, including: (a) "the nature and seriousness of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1); (b) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C.

1

§3553(a)(2)(A); (c) to provide adequate deterrence to criminal conduct; (d) to protect the public from further crimes of the defendant, 18 U.S.C. §3553(a)(2)(C); and (e) "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(d). Indeed, the statute requires to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. 18 U.S.C. §3553(a).

## II. BACKGROUND

### A. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Before the Court for sentencing is David Beaulieu, a thirty-five year old man with a tenth-grade education, who, since his release on February 9, 2005 has lived with his father as his third-party custodian and has complied with every condition of his pretrial release.

Mr. Beaulieu's parents divorced when he was five years old, and he lived with his mother in Amesbury, Massachusetts. PSR, ¶56. He dropped out of high school in 1989, and worked at various different jobs until 1994, when he began working for himself. He worked as an auto glass repairman, doing business as "A Plus" Auto Glass. PSR, ¶82.

Mr. Beaulieu's mother died of breast cancer in 1998. PSR, ¶61. When she died, he discovered her bottle of Oxycontin,

which he used over several months. PSR, ¶75. He never used Oxycontin again after that, but he did have a cocaine habit that he understands was a serious problem. He began using cocaine when he was sixteen years old and continued up to the time of the offense in this case. PSR, ¶¶74, 12. His motive for committing the instant offense, at least in part, was that he needed money to purchase cocaine. PSR, ¶12.

As a result of his arrest by the Amesbury Police in September, 2004, the truck he had used for his business was impounded. PSR, ¶10. He was originally charged in Newburyport District Court with three motor vehicle offenses, failure to obey a police officer, possession of a counterfeit note, and forgery of a bank note. With the Newburyport District Court case pending, federal charges relating to the counterfeiting portion of the case were brought in an indictment returned in December, 2004. On February 7, 2005, Mr. Beaulieu was arrested on the federal warrant, and two days later, he was released to his father's custody after the posting of a $50,000.00 unsecured bond. Although he ultimately received a sentence of time served - 90 days in the Newburyport case, he had actually spent close to five months in custody prior to the case being resolved. PSR, ¶81D. Prior to that case, Mr. Beaulieu had never served jail time.

This case has been a wake-up call to Mr. Beaulieu. PSR, ¶68. He understands that his cocaine habit was destructive, and that he had to change the way he had been living his life. He cooperated with the police at the time of his arrest and has always taken responsibility for the offense. PSR, ¶¶15, 37, 67. His motivation to make a better life for himself is demonstrated by the fact that, without a drug treatment program he has been drug free for over two years. PSR, ¶68. Mr. Beaulieu's father has written a letter, which the defendant will ask the Court to consider at the time of sentencing.[1] He has fully complied with every condition of his release. At the time of his release, Mr. Beaulieu could not return to his old auto glass repair business, as his truck had been impounded. He worked at different jobs, mainly through temp agencies.

In November 2006, he began working at PCI Synthesis, where his father has worked for years. He and his father commute to work together, and his father has recently become his supervisor at work as well. PSR, ¶80. Mr. Beaulieu's job at PCI Synthesis is to manufacture chemical compounds, according to instructions he receives from chemists in the lab. The company has a policy of inviting input from its employees. After working at PCI Synthesis for a relatively short period of time, Mr. Beaulieu

---

[1] The letter has been mailed but has not yet been received by counsel.

suggested a safety measure that has been adopted by the company.[2]

B.     NATURE OF THE OFFENSE

Mr. Beaulieu pled guilty to a two-count indictment charging him with violations of 18 U.S.C. § 471 (manufacturing counterfeit obligations or securities of the United States) and 18 U.S.C. §472 (passing and uttering counterfeit obligations or securities of the United States).  Mr. Beaulieu does not disagree with the description of the offense conduct that appears in the PSR in any material respect.

I.   SENTENCING GUIDELINES

The total offense level for this offense is 9.  Because Mr. Beaulieu is in criminal history category IV, his guidelines range is twelve to eighteen months.

II.  POST-BOOKER CONSIDERATIONS

After Booker, the Guidelines are not the sole basis on which sentences should be imposed, nor are they mandatory.  Rather, they are advisory, and they must be considered together with the other factors set forth in the sentencing statute.  If a sentence within the range prescribed by the guidelines is higher than necessary to accomplish the goals enumerated in 18 U.S.C. §3553(a)(2), then a sentence below the guidelines range should be imposed. 18 U.S.C. §3553(a).

---

[2] Documentation of this has also been mailed but not yet received, and counsel will seek the Court's leave to present it at the sentencing hearing.

In this case, the defendant asks the Court to impose a two year probation sentence, maintaining the same conditions as it ordered for his pretrial release.  The proposed sentence would meet the statutory goals of just punishment, respect for the law, protection of the public, deterrence from crime, and the need to provide the defendant with adequate vocational training.  As a result of his arrests (both state and federal) for the offenses that gave rise to this case, Mr. Beaulieu has served approximately five months in state custody and two days in federal custody.  In addition, he has lost the truck that was part of his former livelihood, and as a result has lost what was his former auto glass repair business.  He has lived with his father, his third-party-custodian, for over two years and has met every condition of his pre-trial release, overcoming his former cocaine dependency on his own.

If a guidelines sentence were imposed, Mr. Beaulieu would lose his current employment, and he would also lose all of the progress he has made over the past two years.  Imposing a probation sentence would keep Mr. Beaulieu within the court's jurisdiction and under its supervision.  No additional prison time is necessary to meet the statutory goals of sentencing.  Therefore, a sentence of probation is the most appropriate one under the mandate of 18 U.S.C. §3553(a).

WHEREFORE, the defendant respectfully requests this Honorable Court to sentence him to a two-year sentence of probation.

                                        Respectfully submitted,

                                        DAVID BEAULIEU
                                        By his Attorney,

                                        /s/Leslie Feldman-Rumpler
                                        Leslie Feldman-Rumpler, Esq.
                                        BBO # 555792
                                        101 Tremont Street, Suite 708
                                        Boston, MA  02108
                                        (617) 728-9944

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served electronically upon: AUSA Paul Moore, Office of the United States Attorney, One Courthouse Way, 9th Floor, Boston, MA 02210.

 2/15/07                                    /s/Leslie Feldman-Rumpler
Date                                          Leslie Feldman-Rumpler